**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK RUMBURG,

      Plaintiff,

      v.                                      Case No. 10-CV-11670-DT

SECRETARY OF THE ARMY, JOHN M.
MCHUGH,

      Defendant.
                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

Before the court is a motion for default judgment, filed by Plaintiff Mark Rumburg on July 16, 2010. The court will deny the motion.

In order to obtain judgment by default, the proponent must first obtain a clerk's entry of default pursuant to Rule 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed R. Civ. P. 55(b). Because Plaintiff has not first obtained a clerk's entry of default prior to seeking judgment by the court, Plaintiff's motion for default judgment is not properly before this court.

The court recognizes that Plaintiff has attempted to obtain a clerk's entry of default, by filing three separate requests for a default from the clerk of court. (*See* Dkt. ## 13, 19, 20.) Even had the clerk entered a default against Defendant, the court would nonetheless set the default aside and deny the instant motion. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good

cause." When evaluating a motion to set aside a default, the court should consider three factors:

(1) whether the default was the result of the defendant's willful or culpable conduct;

(2) whether the plaintiff would be prejudiced by setting aside the judgment; and

(3) whether the defendant presented any meritorious defenses following the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). The Sixth Circuit has further stated:

> Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . . Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*Id.* at 846 (internal citations omitted). After considering these factors, the court concludes that, even if a default had been entered against Defendant, the court would nonetheless set it aside. Even according to Plaintiff's allegations, Defendant's answer was, at most, approximately ten days late. Plaintiff has failed to allege any prejudice based on Defendant's alleged untimely answer; there is no evidence that Defendant's minor delay in filing was willful or culpable; and Defendant has alleged the existence of a meritorious defense---as illustrated in Defendant's answer.

Finally, in order to obtain a default judgment against the United States or any of its officers or agencies, Plaintiff must establish "a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(c). The court is not satisfied that Plaintiff has met this standard, and the motion is denied on this basis as well. Accordingly,

IT IS ORDERED that Plaintiff's motion for default judgment [Dkt. # 17] is DENIED.  Plaintiff is DIRECTED to cease filing motions or requests related to Defendant's alleged failure to timely answer his complaint.

                         s/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2010, by electronic and/or ordinary mail.

                         s/Lisa G. Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-11670.RUMBURG.Default.wpd