**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK RUMBURG,

    Plaintiff,

    v.                                   Case No. 10-CV-11670-DT

SECRETARY OF THE ARMY, JOHN M.
MCHUGH,

    Defendant.
                                             /

**OPINION AND ORDER DENYING AS MOOT PLAINTIFF'S JULY 1, 2010 "REQUEST
FOR THE CAUSE OF ACTION LISTED IN HIS COVERSHEET,"
GRANTING PLAINTIFF'S REQUEST FOR A JURY TRIAL,
AND DEEMING PLAINTIFF'S COMPLAINT TO BE AMENDED ACCORDINGLY**

Before the court are two "requests" filed by Plaintiff Mark Rumburg on July 1, 2010: Plaintiff's "Request for the Cause of Action Listed in His Coversheet" and his "Request of the Court for a Jury Trial and Damages." No responses have been filed to these requests, and the court will grant the jury trial request and deny as moot the request related to Plaintiff's civil cover sheet.

In Plaintiff's "Request for the Cause of Action Listed in His Coversheet," Plaintiff seeks to amend certain statements he made in the civil cover sheet he filed pursuant to Eastern District of Michigan Local Rule 3.1. The civil cover sheet is required in this district for clerical classification purposes, and is not substantive in nature. Nothing stated in the cover sheet impacts Plaintiff's actual claims or allegations. Accordingly, there is no need to amend the cover sheet. Plaintiff's request will therefore be denied as moot.

In Plaintiff's "Request of the Court for a Jury Trial and Damages," Plaintiff requests a jury trial in this case. Although the right to a jury trial is guaranteed by the Constitution, "like other constitutional rights, [it] can be waived by the parties." *Sewell v. Jefferson County Fiscal Court,* 863 F.2d 461, 464 (6th Cir. 1988) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 101 (1971)). The mechanism by which a party requests a jury trial is set forth under Federal Rule of Civil Procedure 38. Under Rule 38, "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Plaintiff asserts that he mistakenly did not file a jury demand in accordance with the procedure under Rule 38. Where, as here, no initial demand is made, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Sixth Circuit has held:

> A district court has broad discretion in ruling on a Rule 39(b) motion. *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). The court's discretion should be exercised in favor of granting a jury trial "in the absence of strong and compelling reasons to the contrary." *Local 783 v. General Elec. Co.*, 471 F.2d 751, 755 (6th Cir.) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)).

*Kitchen v. Chippewa Valley Sch.,* 825 F.2d 1004, 1013 (6th Cir. 1987). Here, Plaintiff makes his jury demand just over two months after his complaint was filed, and prior to the filing of any responsive pleading. Given Plaintiff's pro se status and the early stage of this case, the court will grant the request to allow a jury demand on all triable issues in this case.

2

In his request for a jury trial, Plaintiff also requests "damages to be awarded, as are all outlined by the EEOC under; 'actions that will make an individual 'whole' (in the condition s/he would have been but for the discrimination).'" The court interprets this as a request to amend Plaintiff's complaint to include this prayer for damages. Under these circumstances, a party is allowed to amend his pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). The court will therefore grant Plaintiff's request and the complaint will be deemed amended to include this request for damages.

For these reasons,

IT IS ORDERED that Plaintiff's "Request for the Cause of Action Listed in His Coversheet" [Dkt. # 6] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's "Request of the Court for a Jury Trial and Damages" [Dkt. 7] is GRANTED and the complaint is DEEMED AMENDED to include a jury demand and a prayer for damages as outlined above.[1]

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 29, 2010

---

[1] The court expresses no opinion, at this point, as to whether a jury trial or the requested damages are appropriate for the claims as alleged in the complaint. The court grants the request only to permit the *assertion* of the jury demand and the prayer for relief. Whether the demand and prayer prove to be allowable under the law are issues left for another day.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2010, by electronic and/or ordinary mail.

                                                         s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-11670.RUMBURG.Jury.CoverSheet.wpd