UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK RUMBURG,

    Plaintiff,

v.                                      Case No. 10-11670

SECRETARY OF THE ARMY, JOHN M.
MCHUGH,

    Defendant.
                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Before the court is a motion for reconsideration, filed by Plaintiff Mark Rumburg. The motion was timely filed on June 1, 2011, pursuant to the court's May 12, 2011, order. No hearing is needed, and no response is necessary (or even permitted). E.D. Mich. LR 7.1(h)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

The facts relevant to this case are set forth in the court's April 27, 2011, order, and are briefly summarized here.

Plaintiff Mark Rumburg is an electrical engineer and, according to him, he is an individual with a disability (and was regarded as such) under the Rehabilitation Act, based on a variety of physical and mental impairments. Plaintiff alleges that Defendant discriminated against him, based on his disability and his age, when he was denied employment for two entry-level electrical engineering positions at the Army's Tank

Automotive Research, Development and Engineering Center ("TACOM") in the City of Warren in 2006 and 2007.

When Plaintiff discovered he was not hired for the two positions at TACOM, he filed two complaints with the Department of Defense Civilian Personnel Management Service Investigations and Resolutions Division ("DOD"). The DOD held a fact-finding conference on September 24, 2007, and issued a report on October 17, 2007, concluding that the Army presented legitimate, nondiscriminatory reasons why Plaintiff was not hired or referred for the two electrical engineering positions. Two days after this decision, Plaintiff filed a complaint with the EEOC. A hearing was held before Administrative Judge David R. Treeter on August 12, 2008. Judge Treeter determined that Plaintiff was an individual with a disability. However, Judge Treeter also found that the Army had articulated a nondiscriminatory reason for not hiring Plaintiff, which Plaintiff had failed to rebut. He received his Right to Sue notice from the Equal Employment Opportunity Commission ("EEOC") on January 30, 2010.

Plaintiff initiated this action pro se on April 23, 2010. Early in the litigation, the court was of the view that the complaint as stated was not obviously frivolous or imaginary, but was not well organized. The court therefore discussed with Plaintiff, on the record, whether he would be interested in speaking informally with attorneys about his case in order to help Plaintiff focus his strategy or to consider formal appointment of counsel. Plaintiff indicated he was interested in speaking with counsel, and the court arranged for him to meet with attorneys from one of the larger law firms in the metro Detroit area. Plaintiff was apparently pleased with the attorneys because he thereafter applied for appointment of counsel, which the court granted on October 28, 2010. In the

2

meantime, Defendant filed a motion to dismiss Plaintiff's pro se complaint.  Once the court appointed pro bono counsel, Plaintiff then filed an amended complaint through counsel.  Plaintiff's amended complaint had three counts: discrimination under the Rehabilitation Act (Count I), disparate impact under the Rehabilitation Act (Count II), and discrimination under Age Discrimination in Employment Act (Count III).

After Plaintiff's complaint was amended, the court denied without prejudice the original motion to dismiss aimed at the former complaint.  Defendant filed a second motion to dismiss, which the court granted on April 27, 2011, after argument on the record.  Plaintiff's pro bono counsel soon filed a motion to withdraw, citing a breakdown in the attorney-client relationship.  Based on the documents filed with the court and on the statements made at the hearing on the motion to withdraw, it appears that Plaintiff became unhappy with the representation provided by the attorneys, or more likely was dissatisfied with the *results*.  According to counsel, Plaintiff was further instructing them to take actions which they believed were contrary to their roles as officers of the court.  The court granted the motion to withdraw and allowed Plaintiff to file a pro se motion for reconsideration of the April 27, 2011, order.

## II.  STANDARD

To prevail on his motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A

motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III.  DISCUSSION

Before the court addresses any of Plaintiff's many arguments, a few comments are in order concerning the representation Plaintiff received in this case.  Plaintiff has suggested both in the present motion and his previous pro se "motion to compel" that his pro bono attorneys were derelict in their duties to him, failed to raise viable arguments, or otherwise somehow misled him in the course or content of his litigation. The court observes the contrary.  Counsel on both sides of this case were exceptional. Their briefs were "well organized and researched, and appropriately focused on the issues in this case." (4/27/11 Order at 1, n.1.)  Plaintiff attended every in-court proceeding and appeared to take a very active role in the litigation, but was not heard to object to any argument advanced by his attorneys or any tactical decision made until *after* Defendants were successful in their motion to dismiss.

Hindsight, it is said, is 20-20.  Because of that, things often seem different looking back after an effort has failed.  The fox declared the grapes "sour" when she finally realized she could not reach them, and so it is with Plaintiff's current complaints about the representation he received and the process he was afforded.  Plaintiff's attorneys vigorously and cogently articulated a battery of nonfrivolous arguments in support of Plaintiff's case.  That the arguments they advanced were ultimately unsuccessful is not due to lack of talent or diligence, but only to the constraints that

Congress and relevant case law has imposed upon courts, requiring the dismissal of substantively meritless or procedurally premature lawsuits. The court community appreciates the service these attorneys provided, and rejects Plaintiff's theme of dissatisfaction with counsel as well as any implication that he was somehow forced into accepting appointed counsel.

The court now turns to Plaintiff's legal arguments. In doing so, the court will not follow the enumeration of the issues identified in Plaintiff's brief, one which can be fairly described as a meandering stream of consciousness, trickling randomly here and there. The court will impose organization on the brief and group its arguments logically.

### A. Falsified Transcripts

A consistent theme in Plaintiff's motion is that the transcripts relied upon by both parties were altered or falsified. As evidence of the "intentional tampering" of the transcripts, Plaintiff attaches an affidavit, in which he avers that he recalls certain sections of the underlying proceedings "distinctly and accurately." (Pl.'s Aff. ¶ 9.) Plaintiff contends that, because these transcripts are purportedly false, the court should not have relied on them in determining the summary judgment motion.

"[A] presumption of regularity attaches to the actions of Government agencies." *U.S. Postal Service v. Gregory*, 534 U.S. 1, 10 (2001) (citing *United States v. Chemical Found., Inc.*, 272 U.S. 1, 14-15 (1926)). A similar presumption applies to state court proceedings and transcripts. *See generally Parke v. Raley*, 506 U.S. 20, 31 (1992). Here, the court is not convinced that the presumption of regularity which attaches to EEOC proceedings, and to the transcript of those proceedings, has been overcome by Plaintiff's recollection of those proceedings. While Plaintiff may believe he remembers

5

things differently, this is simply an insufficient basis to find that governmental transcripts have been deliberately altered. The court rejects Plaintiff's argument to the contrary.

### B. The RESUMIX System

A substantial portion of Plaintiff's motion is devoted to complaints about the RESUMIX scoring system, described generally in the court's April 27, 2011, order. (4/27/11 Order at 2-3.) The Amended Complaint does not include any claim based on the RESUMIX system. All of the undisputed evidence before the court reveals that the RESUMIX system is a blindly calculated score. There is no evidence, nor any suggestion, that any discriminatory intent existed in the input or calculation of the RESUMIX number. Nor is it inherently suspicious, as Plaintiff suggests, that the same number was calculated twice for different, but extremely similar entry level positions. If anything, the fact that Plaintiff was assigned identical numbers for these positions lends further support for their objective calculation. In any event, Plaintiff has failed to identify any palpable defect by which the court and the parties have been misled, the correction of which would change the outcome of this matter. Fundamentally, Plaintiff's Amended Complaint did not attack the RESUMIX system and, thus, these arguments are irrelevant to the court's April 27, 2011, determinations.[1]

### C. Disparate Impact

Plaintiff appears to contest the courts dismissal of his disparate impact claim. In the court's April 27, 2011, order, the court first expressed doubt, under Sixth Circuit precedent, whether a cause of action exists for disparate impact under the

---

[1]It is immaterial that his original complaint may have raised such an issue, as it was entirely Plaintiff's decision to accept pro bono representation and rely upon that counsel.

Rehabilitation Act. (4/27/11 Order at 21.) The court continued to find that even if such a cause of action existed, Plaintiff had failed to exhaust the claim because he did not assert it during the EEOC proceedings. (*Id.* at 21.) Setting aside Plaintiff's unsustainable argument that the EEOC transcripts had been tampered with, nothing in Plaintiff's current motion for reconsideration alters the court's conclusion that he has failed to exhaust this claim. That Plaintiff proceeded below pro se does not negate his duty to exhaust his claims. He simply did not raise a disparate impact claim prior to coming to this forum.

### D.  Relitigation of Issues

The remaining issues that Plaintiff raises have already been litigated and decided by this court. A motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Savage v. United States*, 102 F. App'x 20, 23 (6th Cir. 2004). Moreover, to the extent Plaintiff attempts to supplement previous arguments with additional "facts," the local rules encourage finality in opinions and discourage parties from "sandbagging" or holding back facts or arguments which could be raised in the initial round of briefing. As the Seventh Circuit explained:

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it." *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F.Supp. 677, 685 (N.D. Ill. 1994); *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 603-04 (7th Cir. 1989). Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. *In Re Oil Spill*, 794 F.Supp. 261, 267 (N.D. Ill.1992), *aff'd*, 4 F.3d 997 (7th Cir.1993) (citing *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557,

> 561 (7th Cir. 1985)); *see also Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (a motion to reconsider is not the appropriate vehicle to introduce new legal theories).

*Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In Plaintiff's motion, he takes issue with many of the holdings of the court in its April 27, 2011, order, but does not identify, with adequate support, any palpable defect by which the court has been misled. Instead, he argues that Defendant's proffered legitimate business reasons for not hiring him were pretextual, Defendant did not comply with its purportedly mandatory affirmative action plan, Defendant's employees discriminated against him, and Defendant's employees are lying. All of these issues were raised, addressed, and rejected in the court's April 27, 2011, order. A motion for reconsideration should not be used to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion. *See Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). Plaintiff has not identified any actual defect in the court's previous order, but instead reargues Defendants' motion to dismiss using his litigation strategy rather than his attorneys'. A motion for reconsideration is not the proper vehicle, if there is a proper vehicle, for second-guessing one's own legal strategy or tactics.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 54] is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  September 13, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 13, 2011, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-11670.RUMBURG.Reconsideration.3.wpd