**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK RUMBURG,

                Plaintiff,

v.                                              Case No. 10-11670

SECRETARY OF THE ARMY,

                Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

      Before the court is Plaintiff's "Motion for Relief from Judgment or Order" [Dkt. #60], filed April 26, 2012, challenging the summary judgment entered by the court which ended his complaint.  Since the present motion has been pending, the court of appeals has affirmed that judgment and issued its mandate. [Dkt.s #63, 65].

      In his motion (which runs to forty-five pages with no request or order allowing an extension beyond the ordinary 20-page limit), Plaintiff presents absolutely nothing new, and therefore essentially seeks a second reconsideration of this court's dismissal of his complaint.  The court has already entertained and extensively explained why a motion for reconsideration is unavailing. *See* Opinion and Order Denying Plaintiff's Motion for Reconsideration 9/13/2011 [Dkt. #58].  A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Neither in the present motion nor the earlier one has Plaintiff shown a palpable defect by which

the court has been misled or that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Alternatively, if the court considers Petitioner's motion as it is postured—under Federal Rule of Civil Procedure 60(b)—he is still not entitled to relief.  Under that rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

To prove "fraud. . . , misrepresentation, or misconduct by an opposing party," the movant must show by clear and convincing evidence that the non-moving party has engaged in a "knowing misrepresentation of a material fact, or concealment of the same where there is a duty to disclose, done to induce another to act to his or her detriment. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008).  Plaintiff in the present motion repeats his claims that "fraud, misrepresentation, and misconduct" was committed by the Army and the Department of Justice in the management of this litigation during administrative proceedings and in this court, and that he has been thereby deprived of his right to due process. He also continues to claim that this judge (whom, after years of litigation, Plaintiff persists in referring to as "Cleeland" rather than

2

"Cleland") should have recused himself. All these claims are old. They have been considered, discussed, and rejected.  They need not be discussed yet again.  The court did not err in granting summary judgment.  No 60(b) relief is due.

IT IS ORDERED that Plaintiff's "Motion for Relief from Judgment or Order" [Dkt. # 60] is DENIED.


       S/Robert H. Cleland                  
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE
Dated:  November 30, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2012, by electronic and/or ordinary mail.

       S/Lisa Wagner                     
       Case Manager and Deputy Clerk
       (313) 234-5522